# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOSEPH R. JENKINS,**

    **Petitioner,**

v.                                                        Case No. 4:21-cv-219-AW-MJF

**RICKY D. DIXON,**

    **Respondent.**

_____/

## ORDER DENYING § 2254 PETITION

Joseph Jenkins petitioned for § 2254 habeas relief. Having considered the magistrate judge's report and recommendation (ECF No. 20), and having considered de novo the issues raised in Jenkins's objections (ECF No. 21), I now deny the petition.

Jenkins is serving a 20-year sentence after violating probation. He claims he did not receive sufficient credit for time served. Before the VOP court found Jenkins violated his probation, a different court tried Jenkins on new charges. A jury acquitted Jenkins in that case. In Jenkins's view, he is entitled to credit for the time he was held in that case. The state court rejected that view.

Jenkins's § 2254 petition includes two claims related to this issue. First he contends his VOP counsel was ineffective for not explaining that he was entitled to that credit—the credit he did not receive. Jenkins says this misadvice led him to

1

reject a favorable VOP plea deal he otherwise would have accepted. Second, he faults the state court for denying his later demand for the credit.

As to the first point, the magistrate judge correctly explains that Jenkins has not met his burden of showing that the state court's *Strickland* application was unreasonable. The state court determined Jenkins was not entitled to the credit, so his counsel cannot be faulted for not telling him he *was* entitled to it. Regardless, Jenkins has not established prejudice.

As to the second point, the magistrate judge correctly explains that the claim depends on state-court determinations of state-law issues. Although in his objection Jenkins now contends the real issue is Equal Protection—whether the state treated Jenkins the same way it treated others—he clearly presented his claim earlier as only presenting state-law arguments. Moreover, he has not shown that the state-court decisions were based on any unreasonable factfinding.

Finally, Jenkins asks for a certificate of appealability as to this issue:

> It would be debatable among jurists of reason that a state's refusal to abide by one of its own laws, to the prejudice of a state prisoner, when it routinely abides by that law to other state prisoners, is a violation of the Fourteenth Amendment.

ECF No. 21 at 8. This is not actually the question litigated to this point. But either way, I conclude Jenkins has not made any "substantial showing of the denial of a constitutional right," so I will not issue a certificate of appealability.

It is now ORDERED:

1. The Report and Recommendation (ECF No. 20) is adopted and incorporated into this order.

2. Jenkins's objections (ECF No. 21) are overruled.

3. The clerk will enter a judgment that says, "The § 2254 petition is denied."

4. A certificate of appealability is DENIED.

5. The clerk will close the file.

SO ORDERED on October 17, 2022.

                                                s/ *Allen Winsor*
                                                United States District Judge